KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Janice Roose

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Roose, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Janice Roose, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Janice Roose (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona 85212, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Thunderbird Collection Specialists, Inc. (hereafter "Thunderbird"), is a company with an address of 3200 N. Hayden Road, Suite 100, Scottsdale, Arizona 85251, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Thunderbird and whose identities are currently unknown to the Plaintiff. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7. Thunderbird at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Alleged Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Mezona Orthopaedic, PA (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Thunderbird for collection, or Thunderbird was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Thunderbird Engages in Harassment and Abusive Tactics**

12. Within the last year, the Defendants contacted Plaintiff in an attempt to collect the alleged Debt.

13. Thunderbird's first communication with Plaintiff was in the form of a letter it sent to Plaintiff dated March 16, 2012.

3

14. Thunderbird's March 16, 2012 letter stated in pertinent part, "YOUR CREDIT RECORD IS GOVERNED BY YOUR ACTUAL PAYING HABITS.  WE WANT TO TREAT YOU FAIRLY BUT, IF YOU IGNORE THIS NOTICE AS YOU DID OUR LAST, WE FEEL YOU ARE NOT ENTITLED TO FURTHER CONSIDERATION AND SHALL RECOMMEND TO YOUR CREDITOR THAT THIS ACCOUNT BE REFERRED TO OUR ATTORNEY."

15. Despite the language in Thunderbird's letter to Plaintiff, Plaintiff never received any written correspondence before Thunderbird's March 16th letter to her.

16. Neither the Creditor nor Thunderbird have taken legal action against a consumer to collect a debt in Maricopa County within the last ten years.

17. Further, On May 4, 2012, Thunderbird sent another letter to Plaintiff requesting that she voluntarily pay the alleged Debt to Thunderbird despite previously stating that it would refer the account to its attorney to impliedly take legal action against Plaintiff to collect the Debt.

18. Plaintiff felt that Thunderbird's written threat to refer the account to its attorney meant that it was intending to take immediate legal action against Plaintiff, which was not true.

19. Thunderbird's threat overshadowed Plaintiff's right under Federal law to dispute the validity or to request validation of the alleged Debt within the following thirty days.

4

20. Thunderbird failed to send Plaintiff written notice of her right to dispute the alleged Debt.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

26. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  May 23, 2012                    LEMBERG & ASSOCIATES, LLC


By:  */s/   Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Janice Roose

7